[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
 {¶ 2} Dewayne Byrd walked into a delicatessen and shot Fernando Miller in the face and the abdomen with a shotgun. The following week, a warrant was issued for Byrd's arrest. Approximately six weeks later, when officers attempted to arrest Byrd on the open warrant, he ran from them. As one officer ran after Byrd, he saw that Byrd was running with both hands in the front of his waistband, as if he were clutching a weapon. Police shortly found Byrd hiding behind a woodpile, no longer wearing his shirt or shoes. Police retraced Byrd's escape route and recovered Byrd's shoes and a handgun.
 {¶ 3} Following a jury trial, Byrd was found guilty of attempted murder, in violation of R.C. 2923.02(A), and felonious assault, in violation of R.C. 2903.11(A)(1) and (A)(2), along with accompanying gun specifications, as well as carrying a concealed weapon, in violation of R.C. 2923.12(A), and having a weapon while under a disability, in violation of R.C. 2923.13(A)(1). On appeal, Byrd presents three assignments of error: (1) that the trial court erred by permitting the prosecution to make a prejudicial closing argument; (2) that he was denied the effective assistance of trial counsel; and (3) that his convictions were against the manifest weight of the evidence.
 {¶ 4} In his first assignment of error, Byrd argues that he was prejudiced by improper remarks made by the prosecutor during closing argument. The test for prosecutorial misconduct is whether the prosecutor's remarks were improper, and if so, whether they prejudicially affected the defendant's substantial rights.[1] Considerable latitude is allowed during closing argument.[2] We must review the prosecutor's closing argument in its entirety to determine if any remarks were prejudicial.[3] Because Byrd failed to object to the prosecutor's remarks, he must demonstrate that the remarks amounted to plain error.[4]
 {¶ 5} Byrd argues that, in one instance, the prosecutor vouched for the credibility of a state's witness while denigrating that of a defense witness. In fact, the reverse was true. The record reveals that the prosecutor had commented that Byrd's statement to police about an earlier altercation with the victim was credible and that he did not know why the victim would not talk about the incident. Defense counsel had referred to the same statement by Byrd in his closing argument "for the purposes of establishing that there just is not something right to the [victim's] story, and some things happened and some things didn't."
 {¶ 6} Byrd also argues that the prosecutor had improperly denigrated defense counsel, implied or stated that defense witnesses were lying, and misstated evidence. None of these claims are supported by the record. The prosecutor noted that defense counsel had argued that the altercation between Byrd and the victim had occurred earlier in the day, but that Byrd's written statement to police had indicated that the incident had not happened until that evening. We are not persuaded that the prosecutor's statement denigrated defense counsel. Moreover, we hold that each of the challenged remarks regarding the defense witnesses and the facts of the case constituted fair comment on the evidence adduced at trial.
 {¶ 7} We have reviewed the prosecutor's closing argument in its entirety and hold that the prosecutor's remarks were not improper or prejudicial, and therefore Byrd cannot demonstrate plain error. We overrule Byrd's first assignment of error.
 {¶ 8} In his second assignment of error, Byrd argues that he was denied the effective assistance of defense counsel. To prevail on this claim, Byrd must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by counsel's deficient performance.[5]
 {¶ 9} Byrd claims that counsel failed to object to leading questions by the prosecutor. The Ohio Supreme Court has held that this does not constitute ineffective assistance of counsel.[6] Byrd argues that counsel failed to object to the prosecutor's improper remarks during closing argument. In light of our holding that the challenged remarks were not prejudicial to Byrd, we hold that this was not ineffective assistance of counsel. Byrd also argues that counsel was ineffective because he failed to request a poll of the jury following its guilty verdicts. Byrd does not indicate how he was prejudiced in any way by this omission, and we can discern none.[7]
 {¶ 10} Byrd further argues that counsel was ineffective for failing to file a motion to suppress identification testimony.[8] But Byrd has failed to point to any identification procedure used by police. Even if we assume that Byrd is referring to a photographic array shown by police to one of the witnesses a week after the crime, the record does not support his claim. The record demonstrates that, on the night of the shooting, the witness had told police that the gunman was "Weezy," Byrd's nickname, but she did not know his real name. A week later, when a detective showed the witness a photographic array, she pointed to Byrd's photograph without hesitation. We cannot say that the procedure used was so suggestive that counsel's failure to file a motion to suppress amounted to ineffective assistance, particularly in light of the witness's on-scene identification.[9] Because Byrd has failed to demonstrate that counsel's performance was deficient or that he was prejudiced by counsel's conduct, we overrule his second assignment of error.
 {¶ 11} In his third assignment of error, Byrd contends that his convictions were against the manifest weight of the evidence. After reviewing the evidence, we cannot say that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Byrd's convictions and order a new trial.[10] Therefore, Byrd's convictions were not against the manifest weight of the evidence, and we overrule the third assignment of error.
 {¶ 12} Therefore, the judgment of the trial court is affirmed.
 {¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] See State v. Smith, 87 Ohio St.3d 424, 2000-Ohio-450,721 N.E.2d 93.
[2] See State v. Maurer (1984), 15 Ohio St.3d 239, 473 N.E.2d 768.
[3] See State v. Keenan (1993), 66 Ohio St.3d 402, 410,613 N.E.2d 203.
[4] See State v. Jones, 91 Ohio St.3d 335, 352, 2001-Ohio-57,744 N.E.2d 1163.
[5] See Strickland v. Washington (1984), 466 U.S. 668, 688,104 S.Ct. 2052.
[6] See State v. Jackson, 92 Ohio St.3d 436, 2001-Ohio-1266,751 N.E.2d 946.
[7] See State v. Kasser, 10th Dist. No. 01AP-260, 2001-Ohio-3993; Statev. Hike (May 21, 1998), 10th Dist. No. 97APA04-554.
[8] The record reveals that Byrd had filed two pro se motions to suppress that were withdrawn by defense counsel prior to trial.
[9] See Neil v. Biggers (1972), 409 U.S. 188, 199, 93 S.Ct. 375; see, also, State v. Lamb, 12th Dist. Nos. CA2002-07-171 and CA2002-08-192, 2003-Ohio-3870; State v. Santiago, 10th Dist. No. 02AP-1094, 2003-Ohio-2877.
[10] See State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.